IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAACO ENTERPRISES, INC.** | : | CIVIL ACTION NO.: |
| **381 Brooks Road** | : | |
| **King of Prussia, PA 19406** | : | |
| | : | |
| vs. | : | |
| | : | |
| **GRASALDO, INC.** | : | |
| **MAACO Auto Painting and Bodyworks** | : | |
| **12680 S.E. Berwick Court** | : | |
| **Hobe Sound, FL 33455** | : | |

## CIVIL ACTION COMPLAINT

1. Plaintiff Maaco Enterprises, Inc. ("Maaco") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 381 Brooks Road, King of Prussia, Pennsylvania, 19406.

2. Defendant Grasaldo, Inc. ("Grasaldo") is a corporation organized and existing under the laws of the State of Florida and is wholly owned and controlled by Salvatore and Dolores Gregoire (the "Gregoires").

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because Maaco and defendant reside in different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court also has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 because Maaco's claims against defendant include a claim for trademark infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this judicial district.

5. Jurisdiction and venue are also proper in this judicial district pursuant to the mandatory forum and venue selection clause contained at Paragraph 24.B of the Franchise Agreement

entered into between defendant and Maaco, which is the subject of this dispute. A copy of the Franchise Agreement is attached as Exhibit "A".

6. Maaco is engaged in the business of franchising Maaco Auto Painting and Bodyworks Centers which specialize in automobile painting and body repair and other automotive products and services.

7. Maaco franchisees are licensed to use the trade names, service marks and trademarks of Maaco and to operate under the Maaco business system, utilizing specially designed buildings with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and information. The relationship between Maaco and its franchisees is governed by the terms and conditions of the Franchise Agreement entered into between Maaco and each franchisee.

8. Maaco owns the mark and related logo "Maaco Auto Painting and Bodyworks" which is registered with the United States Patent and Trademark Office - No. 1,050,442. Maaco and its franchisees have continuously used and advertised Maaco's trademarks throughout the United States. Maaco's trademarks distinguish its franchises from similar businesses and are widely known and recognized by consumers.

9. On February 20, 1992, Maaco and the Gregoires entered into a Maaco Auto Painting & Bodyworks Franchise Agreement (the "Franchise Agreement"), under which the Gregoires were granted the right and undertook the obligation to operate a Maaco Auto Painting and Bodyworks Center at 1934 Church Street, West Palm Beach, Florida (the "Center").

10. On the same date, Maaco, the Gregoires and Grasaldo entered into an Assignment and Assumption Agreement (the "Assignment"). The Assignment was entered into by Maaco at the

Gregoires' request so that they could operate their Maaco Center through Grasaldo. Under the Assignment, the Gregoires transferred their rights in the Franchise Agreement to Grasaldo, and Grasaldo assumed all of the Gregoires' obligations under the Franchise Agreement. The Gregoires, however, agreed to continue to be bound by the provisions of the Franchise Agreement and agreed to guarantee all of Grasaldo's obligations under the Franchise Agreement. A copy of the Assignment is attached as Exhibit "B." The Gregoires and Grasaldo are sometimes collectively referred to in this Complaint as "Franchisees."

11. Under the terms of the Franchise Agreement, Franchisees were required, among other things: (a) to pay to Maaco a weekly royalty fee equal to a percentage of the gross receipts generated by the Center; (b) to submit weekly reports to Maaco of the gross receipts generated by the Center; and (c) to pay to Maaco an advertising contribution for use in an advertising fund, all as set forth more fully in the Franchise Agreement.

12. By virtue of the franchise relationship, Franchisees also agreed to pay Maaco for paint and supplies purchased from Maaco by Franchisees.

13. Under paragraph 24.E of the Franchise Agreement, Franchisees agreed that if Maaco instituted an action at law or in equity against Franchisees to enforce the terms of the Franchise Agreement, Maaco would be entitled to recover, in addition to any judgment, reasonable attorney's fees, court costs and litigation expenses.

14. After Franchisees entered into the Franchise Agreement with Maaco, Franchisees failed to meet their obligations under the Franchise Agreement.

15. On November 28, 2001, Salvatore and Dolores Gregoire filed a petition under Chapter 7 of the Bankruptcy Code in U.S. Bankruptcy Court for the Southern District of Florida.

16. In the course of the bankruptcy proceedings, the Gregoires did not assume the Maaco Franchise Agreement within the time permitted under the Bankruptcy Rules. Accordingly, the Franchise Agreement is deemed rejected by the Gregoires.

17. As a result of the Gregoires' bankruptcy and the automatic stay in place, this action does not seek relief against the Gregoires.

18. By Notice of Default dated March 22, 2002, (the "Default Notice"), Maaco advised defendant of its continuing defaults under the Franchise Agreement and further advised defendant that it was required under the Franchise Agreement to cure its defaults within 15 days of the date of delivery of such notice. A copy of the Default Notice is attached as Exhibit "C."

19. As a result of defendant's failure to cure its defaults, Maaco terminated the Franchise Agreement by Notice of Termination dated May 1, 2002. In the Notice of Termination, Maaco advised defendant that the termination of the Franchise Agreement became effective immediately upon defendant's receipt of the Notice of Termination. A copy of the Notice of Termination is attached as Exhibit "D."

20. As of June 13, 2002, defendant has failed to pay to Maaco $168,818.43 including: (a) $84,219.62 in known royalty fees; (b) $28,864.92 for advertising expenditures; and (c) $55,733.89 for paint and supplies purchased.

21. Despite notice and opportunity to cure, defendant remains in default and its indebtedness to Maaco continues to increase. Additionally, defendant continues to trade under and profit from Maaco's federally registered trademarks, to the detriment of Maaco, its authorized franchisees and consumers. By this Complaint, Maaco seeks to enforce the termination of the Franchise Agreement and to collect amounts due under the Franchise Agreement.

22. Under the Franchise Agreement, defendant agreed that, upon termination, for a period of one year, it would not, among other things: (a) directly or indirectly, represent to the public or hold itself out as a present or former Maaco franchisee; and (b) directly or indirectly, for itself or through, on behalf of, or in conjunction with any person, persons, partnership or corporation own, maintain, engage in, be employed by or have any interest in any business specializing in whole or in part in providing automobile painting or body repair services or products at the premises of the Center or within a ten (10) mile radius of the Center.

23. Despite termination of the Franchise Agreement, defendant continues to operate an unauthorized Maaco Auto Painting and Bodyworks franchise at an unauthorized Maaco location.

## COUNT I

### (Trademark Infringement and Unfair Competition)

24. Maaco incorporates the averments contained in the preceding paragraphs as if fully set forth in this paragraph.

25. After the termination of the Franchise Agreement, defendant continues to operate an automobile painting and body repair center at 1934 Church Street, West Palm Beach, Florida, using Maaco's trademarks and otherwise identifying themselves as an authorized Maaco Auto Painting and Bodyworks Center.

26. Defendant has knowledge of the termination of the Franchise Agreement and is intentionally trading on Maaco's trademarks, trade dress and confidential business system and deliberately misappropriating Maaco's goodwill for its own benefit.

27. Defendant's continued operation is depriving Maaco of revenues and profits.

28. Maaco has no adequate remedy at law because it cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Maaco trademarks, trade dress and business system over many years.

29. Defendant is guilty of trademark infringement pursuant to 15 U.S.C. §1116(a); defendant's false representation of the Center as being affiliated with Maaco also constitutes a false designation of the origin of defendant's services in violation of 15 U.S.C. §1125(a); and defendant's conduct is a violation of the common law of unfair competition and is an unfair trade practice under the common law.

30. Defendant's continued operation as set forth above will cause Maaco irreparable injury in that Maaco will have difficulty refranchising defendant's trading area; business will be diverted from Maaco's authorized franchisees; the goodwill related to Maaco's trademarks, trade dress and business system will be diluted and taken from Maaco's control; and Maaco will lose profits and revenues which, because of defendant's conduct, cannot be readily calculated.

31. Maaco's immediate and irreparable harm will continue unless defendant is enjoined from committing these wrongful acts.

WHEREFORE, plaintiff Maaco Enterprises, Inc. demands judgment in its favor and against defendant Grasaldo, Inc. as follows:

(a) A preliminary and permanent injunction enjoining defendant from communicating, divulging, or using for the benefit of any other person, persons, partnership, association or corporation, any trade secrets or confidential information, knowledge or know-how communicated or disclosed to defendant by Maaco;

(b) A preliminary and permanent injunction enjoining defendant from operating a Maaco Auto Painting and Bodyworks business at 1934 Church Street, West Palm Beach, Florida and enjoining defendant, either directly or indirectly, from holding itself out as a present or former Maaco franchisee;

(c) A preliminary or permanent injunction enjoining defendant from using, by advertising or in any manner whatsoever, any equipment, confidential methods, procedures and techniques associated with the Maaco business system; the trade and service mark "Maaco Auto Painting and Bodyworks", and any other Maaco trade name, trademark, service mark, or distinctive form, slogan, sign, symbol or device associated with the Maaco business system including all signs, equipment, advertising materials, stationery, forms and any other articles which display Maaco's trademarks, trade names or service marks;

(d) An order requiring defendant to cancel any assumed name or equivalent registration which contains the name "Maaco Auto Painting and Bodyworks" or any other service mark or trademark of Maaco;

(e) An order requiring defendant to turn over to Maaco all manuals, including the Maaco Confidential Operating Manual, records, files, instructions, correspondence, all materials related to defendant's operation of the Center including all brochures and agreements, and any and all other materials relating to the operation of the Center;

(f) An accounting by defendant of the profits to which Maaco may be entitled;

(g) Treble damages pursuant to 15 U.S.C. §1117;

7

  (h)  Exemplary damages;

  (i)  Attorney's fees;

  (j)  Costs of this action;

  (k)  Pre-judgment and post-judgment interest; and

  (l)  Such further relief as this Court deems appropriate.

## COUNT II

### (Covenant Not to Compete)

32.  Maaco incorporates the averments contained in the preceding paragraphs as if fully set forth in this paragraph.

33.  Defendant's continued operation as set forth above is a breach of its obligations under the Franchise Agreement to not operate an automobile painting or body repair business at 1934 Church Street, West Palm Beach, Florida, or within a ten (10) mile radius thereof.  Defendant's continued operation has caused and will continue to cause Maaco irreparable harm.  Additionally, Maaco's other authorized franchisees and the consuming public will suffer irreparable harm as a result of defendant's conduct.  The damages sustained by Maaco as a result of the loss of its goodwill, the relationship problems encountered with its other franchisees and the potential deception and harm to the consuming public cannot be ascertained nor can such harm be compensated for in monetary damages.

34.  Maaco has no adequate remedy at law in that the damages as set forth above, including loss of goodwill, interference with its other franchise relationships, lost profits and the inability to refranchise defendant's market area cannot be compensated in monetary damages.

  WHEREFORE, plaintiff Maaco Enterprises, Inc. demands judgment in its favor and against defendant Grasaldo, Inc. as follows:

(a) A preliminary and permanent injunction, enjoining defendant, either directly or indirectly, for itself, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from owning, maintaining, engaging in, being employed by, or having any interest in any business specializing in whole or in part in providing automobile painting or body repair services or products at 1934 Church Street, West Palm Beach, Florida, or within a radius of ten (10) miles thereof for the one (1) year period following the termination of the Franchise Agreement or the date on which defendant complies with the Franchise Agreement post-termination covenant not to compete, whichever is later;

(b) A preliminary and permanent injunction enjoining defendant, for the one year period following the termination of the Franchise Agreement or the date which defendant ceases to operate the franchise, whichever is later, from diverting or attempting to divert any business or customer of the Center to any competitor, by direct or indirect inducement or otherwise, or from doing or performing, either directly or indirectly, any other act injurious or prejudicial to the goodwill associated with Maaco's trademarks, trade names, service marks or the Maaco business system;

(c) A preliminary and permanent injunction enjoining defendant, for the one year period following the termination of the Franchise Agreement or the date which defendant ceases to operate the franchise, whichever is later, from employing or seeking to employ any person who is at that time employed by Maaco or by any Maaco franchisee, or otherwise directly or indirectly inducing such person to leave his employment with Maaco or such Maaco franchisee;

    (d)    Attorney's fees;

    (e)    Costs of this action;

    (f)    Pre-judgment and post-judgment interest; and

    (g)    Such further relief as this Court deems appropriate.

## COUNT III

### (Money Damages for Breach of Franchise Agreement)

35. Maaco incorporates the averments contained in the preceding paragraphs as if fully set forth in this paragraph.

36. Defendant has failed to pay to Maaco $168,818.43, plus all amounts due for weeks in which required reports were not submitted.

WHEREFORE, plaintiff Maaco Enterprises, Inc. demands judgment in its favor and against defendant Grasaldo, Inc. in the amount of $168,818.43 plus all amounts due for weeks in which required reports were not submitted, together with pre-judgment and post-judgment interest, costs, attorney's fees and such other relief as this Court deems appropriate.

## COUNT IV

### (For an Accounting)

37. Maaco incorporates the averments contained in the preceding paragraphs as if fully set forth in this paragraph.

38. Under the terms of the Franchise Agreement, defendant agreed to account to Maaco for gross receipts generated in the operation of the Center.

39. Defendant has failed to account to Maaco for gross receipts generated in the operation of the Center.

10

40. The amount of gross receipts generated in the operation of the Center, upon which royalty fees are calculated, is peculiarly in the knowledge of defendant, and Maaco requires an accounting of the amount of these gross receipts.

## COUNT V

### (Declaratory Judgment)

41. Maaco incorporates the allegations contained in the preceding paragraphs as if fully set forth in this paragraph.

42. Defendant's failure to pay Maaco the amounts due after termination of the Franchise Agreement and defendant's continued operation of an auto painting and body repair business located at 1934 Church Street, West Palm Beach, Florida creates an actual controversy between Maaco and defendant concerning the rights and obligations contained in the Franchise Agreement. Maaco, therefore, requests that the Court declare defendant to be in violation of the Franchise Agreement.

43. Pursuant to this declaration, Maaco requests that the Court declare that the Franchise Agreement has been properly terminated and further declare that defendant have no further rights with respect to the Franchise Agreement.

44. Maaco further requests that the Court order defendant to pay Maaco its costs and reasonable attorney's fees incurred in enforcing the termination of the Franchise Agreement as provided in the Franchise Agreement.

WHEREFORE, plaintiff Maaco Enterprises, Inc. demands that this Court enter a Declaratory Judgment declaring defendant Grasaldo, Inc. to be in default of the Franchise Agreement; declaring that the Franchise Agreement has been properly terminated; and declaring that defendant pay Maaco its reasonable attorney's fees, costs and such other relief as this Court deems appropriate.

_____

Joseph Schumacher
Kimberly S. Toomey
Pa. ID Nos. 45726/75198
WIGGIN & DANA LLP
1055 Westlakes Drive, 3rd Floor
Berwyn, PA 19312
(610) 727-4153

Attorneys for Plaintiff
Maaco Enterprises, Inc.

Dated: July 11, 2002