IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC. | : | CIVIL ACTION NO.: 2:02-CV-3997 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRASALDO, INC. | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR HEARING AND FOR ENTRY OF JUDGMENT BY DEFAULT**

Plaintiff Maaco Enterprises, Inc. ("Maaco"), by its undersigned counsel, moves this Court to enter judgment by default against defendant Grasaldo, Inc. ("defendant") on Count III of the Complaint, and to conduct a hearing on the remaining counts of the Complaint, and in support thereof, states as follows:

1. On June 19, 2002, Maaco filed its Complaint against defendant seeking monetary damages, a confession of judgment, an accounting and declaratory relief.

2. The Summons and Complaint were served upon defendant on July 3, 2002. True and correct copies of the Returns of Service are attached as Exhibit "A".

3. Defendant failed to answer or otherwise respond to the Complaint within the time prescribed by Fed.R.Civ.P. 12(a)(1)(A). As of the date of filing of this Motion, defendant has not answered or otherwise responded to the Complaint.

      4.      This Motion seeks entry of default judgment against defendant only on Count III of the Complaint.

      5.      The amount due Maaco under Count III of the Complaint is One Hundred Sixty-Eight Thousand, Eight Hundred and Eighteen Dollars and Forty-three Cents ($168,818.43), plus attorneys' fees and costs in the amount of Three Thousand Five Hundred Sixty-Three Dollars and Fourteen Cents ($3563.14).

      6.      In the remaining Counts of the Complaint, Maaco seeks relief other than a sum certain.

WHEREFORE, Plaintiff Maaco Enterprises, Inc. respectfully requests that the Court enter default judgment in its favor and against defendant Grasaldo, Inc. on Count III of the Complaint as set forth in the attached Judgment. Plaintiff further requests that the Court conduct a hearing on the remaining counts of the Complaint against defendant.

_____
Joseph Schumacher
Kimberly S. Toomey
I.D. Nos. 45726/75198
WIGGIN & DANA LLP
Quaker Park
1001 Hector Street
Conshohocken, PA 19428
(610) 834-2400
Attorneys for Plaintiff, Maaco Enterprises, Inc.

Date:  September 24, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC. | : | CIVIL ACTION NO.: 2:02-CV-3997 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRASALDO, INC. | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Pursuant to Fed. R. Civ. P. 8(d), "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading." Accordingly, when defendant Grasaldo, Inc. failed to answer or otherwise respond to plaintiff Maaco Enterprises, Inc.'s Complaint, it effectively admitted all the allegations contained therein. Moreover, Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Once a default has been entered, under Fed. R. Civ. P. 55(b), the clerk may enter a judgment for the amount of plaintiff's claim when the claim is for a sum certain. Fed. R. Civ. P. 55(b)(1). In all other cases, where the relief sought is not a sum certain, the Court may enter such judgment and in doing so, may conduct a hearing to determine the amount of damages, to take an account or to establish the truth of any averment by evidence.

In this case, because defendant has not answered the complaint, it has admitted the allegations set forth in the complaint under Fed. R. Civ. P. 8. As a result, under Fed. R. Civ. P. 55, default judgment against defendant on all counts of the complaint is appropriate.

WHEREFORE, Plaintiff Maaco Enterprises, Inc. respectfully requests that the Court enter default judgment in its favor and against defendant Grasaldo, Inc. on all counts of the Complaint as set forth in the attached Judgment.

_____
Joseph Schumacher
Kimberly S. Toomey
I.D. Nos. 45726/75198
WIGGIN & DANA LLP
Quaker Park
1001 Hector Street
Conshohocken, PA 19428
(610) 834-2400
Attorneys for Plaintiff, Maaco Enterprises, Inc.

Date: September 24, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC. | : | CIVIL ACTION NO.: 2:02-CV-3997 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRASALDO, INC. | : | |
| | : | |
| Defendant. | : | |

## REQUEST FOR DEFAULT PURSUANT TO FED.R.CIV.P. 55(a)

TO THE CLERK:

      Pursuant to Federal Rule of Civil Procedure 55(a), plaintiff requests that the Clerk enter a default on the docket against defendant Grasaldo, Inc. for defendant's failure to answer or otherwise respond to the Complaint within the time prescribed by Fed.R.Civ.P. 12(a)(1)(A). Plaintiff's Affidavit in Support of Request for Default is attached.

Date: September 24, 2002   _____
                                            Joseph Schumacher
                                            Kimberly S. Toomey
                                            I.D. Nos. 45726/75198
                                            WIGGIN & DANA LLP
                                            Quaker Park
                                            1001 Hector Street
                                            Conshohocken, PA 19428
                                            (610) 834-2400
                                            Attorneys for Plaintiff, Maaco Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC. | : | CIVIL ACTION NO.: 2:02-CV-3997 |
| Plaintiff, | : | |
| v. | : | |
| GRASALDO, INC. | : | |
| Defendant. | : | |

### PLAINTIFF'S DECLARATION IN SUPPORT OF REQUEST FOR DEFAULT

Kimberly S. Toomey, attorney for plaintiff, states as follows:

1. Plaintiff commenced this action on June 19, 2002.

2. The Summons and Complaint were served upon defendant Grasaldo, Inc. ("defendant") on July 3, 2002.

3. Defendant has failed to answer or otherwise respond to the Complaint within the time required by Fed.R.Civ.P. 12(a)(1)(A). No extensions to file an answer have been granted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____.

_____
Kimberly S. Toomey

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC. | : | CIVIL ACTION NO.: 2:02-CV-3997 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRASALDO, INC. | : | |
| | : | |
| Defendant. | : | |

**ORDER FOR HEARING**

AND NOW, this \_\_\_\_ day of _____, 2002, defendant Grasaldo, Inc., having been served with the Complaint and Summons and having failed to answer or otherwise respond to the Complaint within the time prescribed by Fed.R.Civ.P. 12(a)(1)(A), it is

ORDERED that on _____, 2002, at the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, Room _____, at \_\_\_\_ o'clock \_\_.m., defendant shall show cause why the relief requested by Plaintiff Maaco Enterprises, Inc. in Counts I, II, IV, and V of the Complaint should not be granted.

BY THE COURT:

_____
HONORABLE MICHAEL BAYLSON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC. | : | CIVIL ACTION NO.: 2:02-CV-3997 |
| Plaintiff, | : | |
| v. | : | |
| GRASALDO, INC. | : | |
| Defendant. | : | |

**PLAINTIFF'S AFFIDAVIT OF PROOF**

I, Diana Dieciedue, state as follows:

1. I am the Vice President of Licensing for plaintiff Maaco Enterprises, Inc., ("Maaco") and as such, I am familiar with the facts of this case.

2. Defendant Grasaldo, Inc. ("defendant") owes Maaco the amount of One Hundred Sixty-Eight Thousand, Eight Hundred Eighteen Dollars and Forty-three cents ($168,818.43), including Eighty-Four Thousand, Two Hundred Nineteen Dollars and Sixty-Two Cents ($84,219.62) for unpaid royalty fees, Twenty-Eight Thousand Eight Hundred Sixty-Four Dollars and Ninety-Two Cents ($28,864.92) for advertising expenditures, and Fifty-Five Thousand, Seven Hundred Thirty-Three Dollars and Eighty-Nine Cents ($55,733.89) for paint and supplies purchases, plus costs and attorney's fees. Defendant also owes Maaco additional amounts, which will be determined at a hearing in this matter.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Diana Dieciedue

Sworn and subscribed to before me
this \_\_\_ day of _____, 2002

_____
Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC. | : | CIVIL ACTION NO.: 2:02-CV-3997 |
| Plaintiff, | : | |
| v. | : | |
| GRASALDO, INC. | : | |
| Defendant. | : | |

## JUDGMENT

AND NOW, this _____ day of _____, 2002, defendant Grasaldo, Inc. having failed to answer or otherwise respond to the Complaint within the time prescribed by Fed.R.Civ.P. 12(a)(1)(A), it is

ORDERED that judgment is entered in favor of plaintiff Maaco Enterprises, Inc. and against defendant Grasaldo, Inc. on Count III of the Complaint, in the amount of One Hundred Seventy-Two Thousand, Three Hundred Eighty-One Dollars and Fifty-Seven Cents ($172,381.57), which judgment includes One Hundred Sixty-Eight Thousand, Eight Hundred Eighteen Dollars and Forty-three Cents ($168,818.43) due under Count III and costs and attorney's fees of Three Thousand Five Hundred Sixty-Three Dollars and Fourteen Cents ($3563.14).

.

BY THE COURT:

_____
HONORABLE MICHAEL BAYLSON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC. | : | CIVIL ACTION NO.: 2:02-CV-3997 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRASALDO, INC. | : | CERTIFICATION OF PLAINTIFF'S |
| | : | COUNSEL REGARDING COSTS |
| Defendant | : | AND ATTORNEY'S FEES |

Kimberly S. Toomey, states as follows:

1. I am an associate with the firm Wiggin & Dana LLP, counsel for plaintiff in this matter. As such, I am familiar with the facts set forth in this Certification.

2. The fees charged to plaintiff are fair and reasonable for the type and complexity of the work performed, and are customary fees for similar work performed by attorneys in this geographic area.

3. I have reviewed our invoices in connection with this Certification. As of the date of this Certification, plaintiff has incurred a total of $3563.14 in attorneys' fees ($3,330) and costs ($233.14) in connection with this matter.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Kimberly S. Toomey

Dated: September 18, 2002

**CERTIFICATE OF SERVICE**

I, Kimberly S. Toomey, certify that I have this day served a true and correct copy of the below described pleading or motion upon defendants at the addresses listed below:

| | |
|---|---|
| Pleading or Motion served: | Request for Default Pursuant to Fed.R.Civ.P. 55(a); Motion for Hearing and for Entry of Judgment; Proposed Orders; Plaintiff's Declaration in Support of Request for Default; Certification of Attorneys' Fees; Plaintiff's Affidavit of Proof |
| Defendant: | Grasaldo, Inc.<br>12680 S.E. Berwick Court<br>Hobe Sound, FL 33455<br><br>Grasaldo, Inc.<br>1934 Church Street<br>West Palm Beach, Florida 33409 |
| Mode of Service: | Via first class mail |

_____
Kimberly S. Toomey

Date:  September 24, 2002