# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 02-3997 |
| GRASALDO, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

**Baylson, J.**                                                                          **October 23, 2002**

On June 20, 2002, Maaco Enterprises, Inc. ("Plaintiff") filed a Complaint against

Grasaldo, Inc. ("Defendant") seeking monetary damages, a confession of judgment, an

accounting and declaratory relief.  On September 19, 2002, the Clerk of the Court entered default

because Defendant had failed to enter an appearance.  Presently before the Court is Plaintiff's

Motion for Entry of Judgment by Default (Docket #7).[1]  For the reasons set forth below, the

Motion will be granted.

Preliminarily, the Court must assess the adequacy of service of process of Defendant.

United States v. Pettit, CIV.A.99-4407, 2000 U.S. Dist. LEXIS 17434, at *1 (E.D. Pa. Nov. 9,

2000) On July 11, 2002, Frank Lodico, a process server, submitted an affidavit stating that he

effected service of process by delivering a copy of the summons and Complaint with exhibits to

Defendant personally.  See FED. R. CIV. P. 4(e)(2).

Proper service notwithstanding, Defendant failed to respond to the Complaint within 20

---

[1]On October 18, 2002, Plaintiff filed a Notice of Withdrawal of Request for Attorneys'
Fees.  Therefore, Plaintiff only requests the Court to enter default judgment on the sum certain in
Count III of the Complaint in the amount of $168,818.43.

days as required by FED. R. CIV. P. 12(a).  In addition, Plaintiff served a copy of the present

Motion for Entry of Judgment by Default on Defendant by mailing it to them at their last known

address on September 18, 2002.  See FED. R. CIV. P. 5(b).  The Court is, therefore, satisfied that

Defendant had notice of the Complaint and of the Motion for Entry of Judgment by Default.

Federal Rule of Civil Procedure 55(b)(2) permits the Court to enter judgment against any

defendant whose default has been entered by the Clerk of the Court.  Pettit, 2000 U.S. Dist.

LEXIS 17434, at *2.  Mere entry of default, however, does not entitled a plaintiff to judgment.

Id.  Rather the decision of whether to enter default judgment is left to the Court's discretion.  Id.

(citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995).  When

determining whether the judgment should be entered, the Court is guided by the following

factors:

> the amount of money potentially involved; whether material issues of fact or
> issues of substantial public importance are at issue; whether the default is largely
> technical; whether plaintiff has been substantially prejudiced by the delay
> involved; and whether the grounds for default are clearly established or are in
> doubt. Furthermore, the court may consider how harsh an effect a default
> judgment might have; or whether the default was caused by a good-faith mistake
> or by excusable or inexcusable neglect on the part of the defendant. Plaintiff's
> actions also may be relevant; if plaintiff has engaged in a course of delay or has
> sought numerous continuances, the court may determine that a default judgment
> would not be appropriate. Finally, the court may consider whether it later would
> be obliged to set aside the default on defendant's motion, since it would be
> meaningless to enter the judgment as a matter of course if that decision meant that
> the court immediately would be required to take up the question of whether it
> should be set aside.

Id. at *2-3 (citing 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL

3D § 2685 (1998)).

This action involves a sum certain in the amount of $168,818.43, no material issues of

fact or issues of substantial public importance are at issue, and the ground for default has clearly

been established.  Moreover, Plaintiff has not engaged in a course of delay or sought any

continuances.  Finally, nothing in the record suggests that the default was caused by a good-faith

mistake or by excusable neglect.  Plaintiff has established that although Defendant received

notice of this action, it failed to respond or offer any excuse for this failure.  Consideration of the

relevant factors, therefore, supports an entry of default judgment.

Having determined that a judgment by default should be entered, the Court must

determine the amount and character of the recovery that should be awarded.  Because Defendant

does not contest the amount prayed for in Plaintiff's Motion for Entry of Judgment by Default,

and because the claim is for a sum certain, the judgment shall be entered for that amount without

a hearing.  Id. at *3 (citing 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE:

CIVIL 3D § 2688 (1998)).

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 02-3997 |
| GRASALDO, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 23rd day of October, upon consideration of Plaintiff's Motion for Entry of Judgment by Default, the accompanying memorandum of law and affidavit, it is hereby ORDERED that Plaintiff's Motion for Entry of Judgment by Default (Docket #7) is GRANTED, and judgment is entered in favor of Plaintiff and against Defendant in the amount of $168,818.43.

**BY THE COURT:**

_____

**Michael M. Baylson, U.S.D.J.**

O:\Orders\Maaco Enterprises, Inc. v. Grasaldo, 02-3997, Order re Motion for Default Judgment.wpd

_____

4